UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. RITTINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1548 CAS |
| ) | |
| HEALTHY ALLIANCE INSURANCE ) | |
| COMPANY, d/b/a ANTHEM BLUE CROSS ) | |
| AND BLUE SHIELD, and ANTHEM UM ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Karen A. Rittinger's motion to remand and defendants Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield and Anthem UM Services, Inc.'s (collectively "defendants") motion to dismiss. The matters are fully briefed and ready for decision. For the following reasons, the Court will deny plaintiff's motion to remand and grant defendants' motion to dismiss.

**I.  Background**

Plaintiff brings this action to recover benefits and enforce rights owed under an employer sponsored health insurance benefit plan (the "plan"). Plaintiff alleges she was entitled to payment of certain medical claims under the plan, and that these claims were wrongfully denied. Plaintiff filed this action in state court alleging claims for declaratory judgment (Counts I and II); breach of contract (Count III); vexatious refusal to pay (Count IV); and breach of fiduciary duty (Count V). Defendants removed the action to this Court on the basis of federal question jurisdiction, and moved to dismiss the claims as preempted by ERISA. In response, plaintiff filed a motion to remand and an opposition to the motion to dismiss.

**II.     Legal Standard**

The party invoking federal jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied.  Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

**III.    Discussion**

    A.     Motion to Remand

        *(1)    Timeliness*

On July 16, 2015, plaintiff filed her petition in Missouri state court.  Plaintiff did not serve defendants then, but on August 10, 2015 she sent an e-mail to her personal friend, the CFO of defendants.[1]  Her e-mail stated: "I wanted you to know that I have filed suit against Anthem. I value our friendship but I had no alternative in light of the company's actions.  Hope all is well."[2]  Plaintiff officially served defendants under Missouri law with the summons and petition on September 8, 2015 and October 6, 2015.  On October 8, 2015, defendants removed this action from state court pursuant to 29 U.S.C. §§ 1001, et seq. ("ERISA"), 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

Plaintiff moves to remand the case on the ground that defendants filed their removal notice 29 days late under § 1446(b), which specifies that the notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]."  28 U.S.C. § 1446(b).  Because the notice of removal had not been filed within 30

---

[1] Defendants do not deny that this employee is their CFO, but state that plaintiff has provided no exhibit or explanation for the employee's purported connection to defendant Anthem UM.

[2] Although it is not relevant to the timeliness analysis, the Court notes that plaintiff did not attach a copy of her state court petition to this e-mail.

days of the date defendants' CFO received plaintiff's e-mail referencing her lawsuit, plaintiff asserts the removal is untimely.  Plaintiff's interpretation of §1446(b) has been directly rejected by the United States Supreme Court.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999) (rejecting the so-called "receipt rule," which starts the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service).[3]  The Court finds the defendants filed their notice of removal timely on October 8, 2015.

*(2) Preemption*

In the notice of removal, defendants state federal question jurisdiction exists because plaintiff's claims to recover benefits and to enforce rights under the plan are completely preempted under ERISA's civil enforcement provisions.  Section 502 of ERISA provides a cause of action for the recovery of benefits by a participant under an ERISA plan.  See 29 U.S.C. § 1132(a)(1)(B).  Consequently, defendants contend that plaintiff's state law claims for declaratory judgment, breach of contract, vexatious refusal to pay, and breach of fiduciary duty are completely preempted by ERISA because they are enforceable under ERISA § 501.

ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983).  "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be

---

[3] Plaintiff makes much of the fact that Murphy Brothers was decided prior to the Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).  The Twombly standard for pleadings is irrelevant to the Court's analysis of timeliness under § 1446(b).

'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoted case omitted).

"There are two types of preemption under ERISA: 'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express preemption' under ERISA § 514, 29 U.S.C. § 1144." Prudential Ins. Co. of Am. v. National Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005). "Complete preemption occurs whenever Congress 'so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)). "Claims arising under the civil enforcement provisions of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." Id. (citing Neumann v. AT&T Comm., Inc., 376 F.3d 773, 779 (8th Cir. 2004)). "Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court." Id.

Plaintiff's complaint brings state law claims for declaratory judgment, breach of contract, vexatious refusal to pay, and breach of fiduciary duty. Each claim challenges the denial of benefits under the plan, and each seeks a declaration of coverage or actual payment of benefits allegedly owed under the plan. As defendants state, these claims are paradigmatic examples of ERISA-preempted claims, and are removable to federal court. The Court finds it unnecessary to rehash this well-settled legal principle. Instead, it cites to the following cases for support: Prudential Insurance Company, 413 F.3d at 907; Neumann, 376 F.3d at 779; Graham v. Hubbs Machine & Manufacturing, Inc., 49 F. Supp. 3d 600, 610 (E.D. Mo. 2014). Plaintiff's claims

arise under federal law and are removable to federal court.  The Court will deny plaintiff's motion to remand.

      B.    Motion to Dismiss

Claims that arise under the civil enforcement provision of § 502(a) of ERISA, 29 U.S.C. § 1132(a), including claims to recover benefits or enforce rights under the terms of an ERISA plan, are completely preempted.  Neumann, 376 F.3d at 779.  "Congress intended that an action brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan will be regarded as arising under the laws of the United States, even if the complaint filed by the plan beneficiary purports to raise only a state-law cause of action."  Id. (citing Metropolitan Life, 481 U.S. at 66-67).  As a result, where a claim "relate[s] to an employee benefit plan," and seeks to recover benefits due or to enforce rights under the terms of the plan, that claim is preempted by federal law and the exclusive cause of action is under federal law.  Neumann, 376 F.3d at 779-80 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987)).

Each of plaintiff's counts are premised on the denial of benefits or the administration of benefit claims.  Regardless of how the counts are captioned, the nature of each claim depends on the ERISA plan.  The Court cannot resolve any of the claims without first analyzing the plan.  These types of claims are completely preempted under ERISA and can only be asserted under federal law.  See Neumann, 376 F.3d at 779.

In her opposition to defendants' motion to dismiss, plaintiff seeks leave to amend her complaint rather than dismissal.  The Court will grant plaintiff leave to amend.  In the future, the Court requests that plaintiff refrain from using the type of overheated rhetoric that has appeared

in her filings.  Such rhetoric is of no use to the Court in resolving the issues presented by this case, and serves only to detract from the persuasiveness of plaintiff's arguments.

## IV.   Conclusion

For the foregoing reasons, the Court will grant defendants' motion to dismiss based on ERISA preemption.  Because this action was properly removed to federal court, the Court will deny plaintiff's motion to remand.  Plaintiff's request to amend will be granted to the extent that plaintiff may file an amended complaint stating her claims under ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Karen Rittinger's motion to remand is **DENIED**.  [Doc. 16]

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **GRANTED**.  [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's request to amend is **GRANTED** to the extent that plaintiff is granted fourteen days from the date of this Memorandum and Order to file an amended complaint stating her claims under ERISA.  Plaintiff shall also correctly identify defendant Healthy Alliance Life Insurance Company in her caption.  Failure to comply timely and fully with this order will result in the dismissal of this action with prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of December, 2015.