# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KAREN A. RITTINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1548 CAS |
| | ) | |
| HEALTHY ALLIANCE INSURANCE | ) | |
| COMPANY, d/b/a ANTHEM BLUE CROSS | ) | |
| AND BLUE SHIELD, and ANTHEM UM | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Karen A. Rittinger's Notice of Voluntary Dismissal Without Prejudice Under Federal Rule of Civil Procedure 41(a)(1)(A). Plaintiff filed this document purporting to voluntarily dismiss this action without prejudice and without court order. Because plaintiff's complaint has already been dismissed with prejudice pursuant to Federal Rule 12(b)(6), there are no pending claims for plaintiff to voluntarily dismiss without prejudice. The Court will construe plaintiff's notice of voluntary dismissal without prejudice as a motion for leave to voluntarily dismiss without prejudice, which will be denied. On its own motion, the Court will grant plaintiff an additional seven days to file an amended complaint stating her claims under ERISA.

On December 21, 2015, the Court granted defendants' motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule 12(b)(6). See Doc. 22. A dismissal for failure to state a claim is a judgment on the merits, and is presumed to be with prejudice. See 2 James Wm. Moore et al., Moore's Federal Practice §12.34[6][a] (3d ed. 2014); Fed. R. Civ. P. 41(b). More importantly, a dismissal with prejudice has a claim preclusive effect. Id. (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state claim

is "judgment on the merits")).  In plaintiff's response to defendants' motion to dismiss, however, plaintiff requested that if the Court were going to grant defendants' motion to dismiss that she be allowed to amend her complaint to state a claim.  (Pl.'s Resp. to Defs.' Mot. to Dismiss (Doc. 19) at 11-12).  The Court granted plaintiff's request, stating in its Order that defendants' motion to dismiss was granted, but that plaintiff was granted fourteen days to file an amended complaint stating her claims under ERISA.  The Court also cautioned plaintiff that "[f]ailure to comply timely and fully with this order will result in the dismissal of this action with prejudice."  See Doc. 22.

Instead of complying with the Court's Order and amending her complaint as she had requested, plaintiff filed the instant notice of voluntary dismissal without prejudice pursuant to Federal Rule 41(a).  Plaintiff's purported notice of voluntary dismissal without prejudice overlooks the fact that all of plaintiff's claims have been dismissed with prejudice for failure to state a claim. There are no pending claims for plaintiff to voluntarily dismiss without prejudice.  After the Court issued its Order of December 21, 2015, plaintiff could have done one of two things:  (1) amended her complaint within fourteen days to state a claim under ERISA, or (2) not amended her complaint within fourteen days, in which case the Court would have issued an order of dismissal with prejudice.

Pursuant to the Court's Order of December 21, 2015, because plaintiff has no pending claims to voluntarily dismiss, and because plaintiff did not amend her complaint to state her claims under ERISA within the time allowed, the Court could issue its order of dismissal with prejudice. The Court finds this result unduly harsh, given the claim preclusive effect of such a dismissal and plaintiff's counsel's apparent misunderstanding of the procedural posture of the case.  For this reason, the Court will grant plaintiff an additional seven days from the date of this Memorandum

and Order to file an amended complaint stating her claims under ERISA.  Failure to comply timely and fully with this order will result in the issuance of an order of dismissal with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Notice of Voluntary Dismissal Without Prejudice Under Federal Rule of Civil Procedure 41(a)(1)(A), which the Court construes as a Motion for Leave to Voluntarily Dismiss Without Prejudice is **DENIED**. [Doc. 23]

**IT IS FURTHER ORDERED** that plaintiff shall have seven days from the date of this Memorandum and Order to file an amended complaint stating her claims under ERISA.  Failure to comply timely and fully with this Memorandum and Order will result in the issuance of an order of dismissal with prejudice.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of January, 2016.