IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. RITTINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:15-cv-01548-CAS |
| | ) |
| HEALTHY ALLIANCE LIFE | ) |
| INSURANCE COMPANY, *et al.* | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

1.  Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a party may voluntarily dismiss an action without a Court order or other-party consent so long as the opposing party has not yet served an "answer or a motion for summary judgment."

2.  The Defendants have not filed an answer or a motion for summary judgment in this action. Nonetheless, when Plaintiff first gave notice of voluntary dismissal without prejudice, as the Court noted on January 14, 2016, there technically were no pending claims at such time; thus the Court deemed such notice inappropriately filed.

3.  Plaintiff's counsel apparently misconstrued the Court's previous Order. That Order expressly referred, multiple times, to a potential "dismissal with prejudice," giving Plaintiff's counsel the distinct impression that the Order, which also gave leave to amend, was not itself a dismissal with prejudice, and instead was a dismissal without prejudice.

4.  Low on funds to continue financing this litigation, Plaintiff acted in the utmost good faith in attempting to simply save the Court and the parties additional resources and thus filed a Notice of Voluntary Dismissal without prejudice, with the hope that at some point in the future, she can

potentially re-litigate this matter.

5.      Because Defendants had filed neither an answer nor a motion for summary judgment, under the clear language of Rule 41, Plaintiff in good faith believed she had a right to dismiss the cause of action by giving Notice, without Court order or any input from the parties.

6.      The Court went out of its way, however, to prevent Plaintiff from exercising her right to voluntarily dismiss her cause of action.

7.      On January 14, 2016, this Court *sua sponte* decided to construe Plaintiff's notice as a Motion for a Voluntary Dismissal and then *sua sponte* denied it on the basis that there were no "claims" pending for Plaintiff to voluntarily dismiss. Yet, despite the status of the individual claims, *the cause of action*, which Rule 41 is concerned with (indeed, the language of Rule 41 contains the terms "action" and "claim," clarifying the intended distinction between the two terms) remained pending.

8.      Plaintiff believes that the Court overlooked this fact – that the cause of action obviously remained pending (or else the Court would not have had any jurisdiction) – in *sua sponte* aiding Defendants by ordering Plaintiff to expend further resources engaging in what by all means seemed a needless (and *costly*) exercise -- the Court ordered that if Plaintiff wished to voluntarily dismiss her cause of action, she must first file an Amended Complaint asserting claims under ERISA.

9.      Because of the Court's threat (which Plaintiff, in good faith believes was unfounded), that the Court properly could have entered dismissal with prejudice because no *claims* were pending when Plaintiff filed her Notice to voluntarily dismiss her *action*, and thus unbeknownst to Plaintiff, who assumed her case was dismissed more than a week prior, the 14-day deadline expired), counsel for Plaintiff worked with extreme diligence to amend the Complaint as quickly as possible, yet still taking a full *seven hours*, and was able to file the same, containing all of Plaintiff's amended claims under ERISA, in full compliance with the Court's order, later that same day, on January 14, 2016.

10.     Because Plaintiff's intent obviously was to voluntarily dismiss her action without prejudice,

and because the Notice thereof *already was written*, and because Plaintiff's counsel already was signed into CM/ECF after filing the Amended Petition, Plaintiff then filed her Amended Notice of Voluntary Dismissal a minute later. At the time Plaintiff filed her Amended Notice of Voluntary Dismissal, there were no claims pending under ERISA in satisfaction of the Court's prior Order to file an Amended Complaint with ERISA claims, and Defendants had not been required to expend any judicial resources whatsoever filing an answer or motion for summary judgment as to the amended complaint (or any complaint for that matter). Thus, in the utmost good faith, Plaintiff filed her Notice of Voluntary Dismissal Under Rule 41(a) directly following her Amended Complaint, as should have been expected due to the fact her intent even prior to amending was to voluntarily dismiss her case.

11.     Following that filing, things took a turn for the even more unprecedented.

12.     The very next day, despite the fact that it is well settled that a properly-filed Notice of Dismissal, as was Plaintiff's, does not allow for any such "response," Defendants filed their Motion asking for "an extension of time to file a response" to Plaintiff's Notice – which, because a "Response" is generally not even permitted for a "Notice," was simply an indirect way of asking the Court to be allowed to do what the Federal Rules prohibit (Doc. 27).

13.     Despite the fact that a Notice of Voluntary Dismissal does not permit a response, this Court granted Defendants' misplaced Motion, *sua sponte* allowing Defendants to do precisely what the Federal Rules do not allow for – "responding" to a Voluntary Notice of Dismissal – without allowing Plaintiff to give any response thereto whatsoever. (Doc. 28, Court's granting Motion for Extension).

14.     In fact, Court records show that Defense Counsel filed their unprecedented Motion requesting the opportunity to "respond" to Defendants' Notice at 10:31 a.m. on January 15, 2014. Amazingly, the Court *sua sponte* granted this relatively bizarre request ***within seven minutes*** of its being filed, entering a relatively lengthy docket report not only granting Defendants' Motion, but giving Defendants ***an extra day they did not even request***, up until January 20, 2016, to "respond" to Plaintiff's Notice of

3

Voluntary Dismissal, a document to which no Federal Rule allows a "response" by an objecting Defendant.

15. Indeed, in addition to being objectionable, the facts themselves tell a story that displays nothing short of spectacularly abrupt judicial decision-making:

    a. A party files a "Motion for Extension," which is actually a request for permission to file a document that *no federal rule allows for* – a Defendants' "response" to a Voluntary Notice of Dismissal under Rule 41;

    b. Said Motion is roughly two-pages long, but refers to documents consisting of roughly 30 pages, not including their exhibits;

    c. In less than seven minutes, this Court apparently was able to review the Motion for Extension, the 30 pages of material the request referred to, judiciously consider the propriety not only of granting a motion for Defendants' un-precedented relief, supported by no authority, but determine that the proper course of action would be to *sua sponte* grant such a request;

    d. Amongst all of this, the exchange of documents between this Court and the Court's clerk entering the order also must have been occurring at tremendous pace.

16. Nonetheless, because of the downright extraordinary events leading to this case's present posture – rather than being afforded her *right* to voluntarily dismiss her suit, Plaintiff must instead wait (and then presumably expend the judicial resources responding to) a to-be-filed "Response" to a document to which no "Response" is permitted.

17. The undersigned is well-aware that Defendant's Motion for "an Extension," (*i.e.* – a Motion to Respond to a Notice of Voluntary Dismissal in derogation of every federal rule applicable) already has been granted without Plaintiff's being give an opportunity to be heard, yet, in order to protect Plaintiff and to protect the record for appeal, the undersigned files this Objection.

18.     Allowing Defendant's unfettered discretion to file "any other motion," by such deadline is the proverbial "icing on the cake."  It seems that neither this Court, nor any Federal Rule, will prohibit Defendant from essentially doing as they please in this litigation. Respectfully, in the interest of justice, the Court should not continue to sanction such activity.

Respectfully submitted,

_____
Daniel F. Harvath  #MO57599
**THE DANIEL HARVATH LAW FIRM, LLC**
P.O. Box 440393
St. Louis, Missouri 63144
danielharvathlaw@gmail.com

## **CERTIFICATE OF SERVICE**

   The undersigned hereby swears and attests that this document was submitted for automatic electronic service to all parties of record, pursuant to the Local Rules' allowance of the same.

                    _____/s/Daniel F. Harvath_____