**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAREN A. RITTINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-01548-CAS |
| | ) |
| HEALTHY ALLIANCE LIFE | ) |
| INSURANCE COMPANY, d/b/a | ) |
| ANTHEM BLUE CROSS AND BLUE | ) |
| SHIELD, and  ANTHEM UM | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO "PLAINTIFFS' [*sic*]
OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION [*sic*] OF TIME"**

I.   **BACKGROUND**

The Missouri Rules of Professional Conduct, which are adopted by this Court pursuant to E.D. Mo. Local Rule 83-12.02, provide, among other things:

> A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. . . . . A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.
>
> …
>
> The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. . . . An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

MISSOURI RULES OF PROFESSIONAL CONDUCT preamble & 4-3.5, cmt. 4.  This provides a prism through which recent events should be viewed.

Just after 7:00 p.m. on Saturday, January 16, 2016, Plaintiff filed "Plaintiffs' [*sic*] Objection to Defendants' Motion for Extension [*sic*] of Time." (Plaintiff's "Objection," Doc. No. 29.)  In it, Plaintiff objects to the Court's prior grant of Defendants' request for a short window of time in which to review Plaintiff's filings (*i.e.*, her Amended Complaint and Notice of Voluntary Dismissal, Doc. Nos. 25 and 26, filed at 10:41 p.m. and 10:42 p.m., respectively, the night before Defendants' request) and to consider whether to file any response or motion relating thereto.  (*See* Doc. No. 27, ¶ 6.)

The undersigned writes now to: (1) explain why Defendants validly desired a small amount of time to review the notice of dismissal; (2) why Defendants take exception to the tone and comments throughout this lawsuit, and specifically those in Plaintiff's most recent filing; and, (3) why it was right for the Court, given all of this, to give Defendants a business day or two to consider whether to file any response or other motion.

From the outset, Plaintiff is flatly incorrect in her assertion in the Objection that, upon filing a purported "notice" of voluntary dismissal without prejudice, Defendants are precluded from any further filings.[1]  As will be shown in Defendants' forthcoming Objection to Plaintiff's "Notice" of Voluntary Dismissal Without Prejudice, Defendants contend that Federal Rule 41(a)(1)(A)(i) is unavailable to Plaintiff.  But regardless, even if the Court determines Plaintiff's notice of voluntary dismissal to have been proper, the Court still retains jurisdiction over, *inter alia*, collateral matters, which will be presented to the Court for its disposition.  *See, e.g.*, *Kinney v. Cty. of Hennepin*, No. CIV. 02-963 JRTFLN, 2002 WL 31163092, at *2 (D. Minn. Sept. 25,

---

[1] Notably also, to clarify, although Plaintiff characterizes the Court's grant of time to Defendants as "*sua sponte*," the Court's Order was a grant of Defendants' then-pending motion, **not** upon the Court's own motion.

2

2002) ("The Eighth Circuit has . . . held that district courts retain jurisdiction over collateral matters following a voluntary dismissal under Rule 41(a)(1).").

Most troubling about Plaintiff's Objection, however, are the many baseless, serious accusations and the vitriol directed not only at Defendants and undersigned counsel—which has become the common practice of Plaintiff in this litigation—but also directed at the Court and its Staff.  Defendants and counsel are compelled to address these accusations.

1. <u>Plaintiff's Legally Frivolous Arguments Have Multiplied the Proceedings</u>.

Throughout the pendency of this litigation, Plaintiff has continually presented frivolous arguments, to which Defendants had to respond.  For example, in her remand motion papers (Doc. Nos.  16-17, 21), Plaintiff contended that Defendants' thirty-day removal "clock" began upon receipt of a courtesy copy of her Complaint; as the Court recognized, the United States Supreme Court directly rejected Plaintiff's argument over sixteen years ago.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Even more puzzlingly, when confronted with this, Plaintiff contended that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) overruled *Murphy Brothers*; as the Court recognized, *Twombly* is irrelevant to the issue of timeliness of removal.

Plaintiff also contended that remand was necessary because state courts enjoy concurrent jurisdiction over ERISA claims, *but see, e.g., Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 366 (8th Cir. 2013) ("A state forum's jurisdiction is, of course, tentative because 28 U.S.C. § 1441(a) permits removal of an ERISA benefits claim from a state tribunal to a federal district court."), and that her purported state law wrongful-denial-of-benefits claims were not completely preempted by ERISA; the Court correctly recognized such claims as paradigmatic examples of ERISA-preempted claims removable to this Court.

Similarly, in opposing Defendants' dispositive motion, Plaintiff contended that ERISA's legislative history and the presumption against preemption militated against a holding of complete ERISA preemption of Plaintiff's wrongful-denial-of-benefits claims (paradigmatic examples of ERISA-preempted claims). Plaintiff also contended that "[a] complaint should be dismissed for a failure to state a claim when it is apparent that the plaintiff can prove no set of facts that would entitle him to relief," citing to *Conley v. Gibson*, 355 U.S. 41 (1957); *Conley v. Gibson* was overruled by the Supreme Court over eight years ago in *Twombly*. Plaintiff further disputed whether Mo. Rev. Stat. § 375.420 is preempted by ERISA, *but see, e.g.*, *Schoedinger v. United Healthcare of Midwest, Inc.*, 557 F.3d 872, 876 (8th Cir. 2009) ("In *In re Life Ins. Co. of N. Am.*, 857 F.2d 1190, 1194-95 (8th Cir. 1988), we held that ERISA preempts claims for penalties under the Missouri Vexatious Refusal to Pay Statute, Mo. Rev. Stat. § 375.420, explaining that '*Pilot Life* could not have stated with any greater clarity that the remedies afforded under ERISA are exclusive, and no state law purporting to supply additional remedies will escape the preemptive effect of 29 U.S.C. § 1144(a).").

In short, in her 20+ pages of her Memorandum in Support of her Motion to Remand, Reply in Support of her Motion to Remand, and her Opposition to Defendants' Motion to Dismiss, Plaintiff failed to raise a single, bona-fide argument why either remand was appropriate or why her purported state law claims were not, in fact, completely preempted by ERISA. Nonetheless, Defendants were required to respond to the baseless contentions, and the Court was required to deal with them.

2. <u>Plaintiff's Unwarranted Accusations against Defendants, Their Counsel, this Court, and this Court's Staff Are Highly Inappropriate</u>.

In addition to advancing a host of wholly meritless arguments, Plaintiff has routinely, wrongfully chastised **Defendants** and their counsel for their alleged wrongful denial of benefits

4

and for supposedly inadequate and/or misleading briefing. (*See, e.g.*, Plaintiff's Memorandum in Support of Motion to Remand, Doc. No. 17, pp. 5 (contending that Defendants bear some nondescript blame for failing to "contact Plaintiff's counsel and offer to waive service, but instead, presumably intentionally, kept their 'heads in the sand,' until one of Defendants was delivered a copy of the summons and Petition for this lawsuit"), 5 (asserting that Defendants "[i]nexplicably point[ed] to" the date of service as beginning the thirty-day removal "clock"), 7 (contending that the thirty-day removal "clock" began upon e-mail receipt by an employee (of at least one of Defendants) because that employee "arguably violated . . . [his] fiduciary duties of diligence, care and loyalty to each Defendant" if he did not advise them of the Complaint he purportedly received via e-mail), 9 (asserting that "Defendants can not [*sic*] ask this Court to assume and/or make . . . arguments for them, basically advocating on their behalf"); Plaintiff's Opposition to Defendants' Motion to Dismiss, Doc. No. 19, pp. 1 (contending that Defendants have acted in a "sinister" manner with "blatant apathy"), 2 (asserting that Defendants' Motion to Dismiss "misstates the applicable law" and calling upon the Court to "put an end to Defendants' apparent sense of entitlement to respond with unspecific, form documents and conclusory, unsupported statements ***in response to specific, well-supported, thought-out, and legally correct reasons*** establishing that such rejections are improper" (emphasis added)); 3 (contending that "Defendants' presentation of the law on the important issue of federal preemption of state law is superficial [and] dated" and that "Defendants disingenuously appear to expect this Court to overlook . . . the modern nuances in ERISA preemption law"); 11 (asserting that for the Court to determine that ERISA completely preempts Plaintiff's purported state law claims, the Court "would have to do by advocating on Defendants' behalf due to Defendants' meager support for its [*sic*] position").

Despite the foregoing, Defendants intentionally refrained from engaging in the unprofessional banter or seeking sanctions, instead leaving the propriety of Plaintiff's advocacy for the Court to evaluate.  (Reading it again, however, it is hard to imagine more obnoxious and unnecessary language in what amounts to a claim over whether ERISA benefits are due or not under a benefits plan.)    To that end, in its December 21, 2015 Memorandum and Order, the Court gently, but explicitly, warned Plaintiff to discontinue such form of advocacy:

> In the future, the Court requests that plaintiff refrain from using the type of overheated rhetoric that has appeared in her filings.  Such rhetoric is of no use to the Court in resolving the issues presented by this case, and serves only to detract from the persuasiveness of plaintiff's arguments.

(December 21, 2015 Memorandum and Order, Doc. No. 22, pp. 5-6.)   Plaintiff completely ignored the Court's admonition.

      3.   <u>Current Status and the Pleadings in Issue</u>.

Although the Court permitted Plaintiff the opportunity to re-plead her claims, properly, under ERISA, Plaintiff instead improperly attempted to voluntarily dismiss her (no longer existent state law) claims without prejudice.  The Court correctly halted such attempt.  *See, e.g.*, *Inman v. Am. Paramount Fin.,* 517 F. App'x 744, 750 (11th Cir. 2013) ("Capital's argument that the district court abused its discretion in denying Capital's attempt to circumvent the district court's order by inventing a third option—filing a motion for voluntary dismissal pursuant to Rule 41(a)(2)—is not persuasive.  Capital's failure to file an amended complaint effectively caused the district court's April 29, 2011, order to operate as a dismissal with prejudice of Capital's fraudulent and negligent misrepresentation claims.").

But the Court again permitted Plaintiff one final opportunity to properly pursue her only remaining claims under ERISA.  Instead of filing a bona fide complaint, Plaintiff engaged in more useless activity by filing an Amended Complaint and, one minute later, again sought to

voluntarily dismiss her claims without prejudice (to which, as previewed above, Defendants will substantively respond, separately, in due course).

It is upon this backdrop that Plaintiff filed her six-page "Objection" (Doc. No. 29), which is nothing short of more inappropriate, vitriolic ranting. In her "Objection," Plaintiff:

- Contends that she seeks dismissal because she is "[l]ow on funds to continue financing this litigation" despite having unnecessarily expended presumably considerable resources in advocating baseless points instead of correctly filing and litigating the merits of her claims (Objection, ¶ 4);

- Accuses the Court of "[going] out of its way . . . to prevent Plaintiff from exercising her right to voluntarily dismiss her cause of action" by requiring Plaintiff to comply with the Court's December 21, 2015 Order and actually file claims before seeking to dismiss otherwise non-existent claims (Objection, ¶¶ 6-7);

- Accuses the Court of "threat[ening]" her with dismissal with prejudice and forcing Plaintiff to incur legal fees in drafting a legally correct Complaint (Objection, ¶¶ 8-9);

- Characterizes the Court's grant of Defendants' motion for a short window of time to review Plaintiff's late-night filings as "unprecedented" and otherwise erroneous (Objection, ¶¶ 11-13);

- Implies some form of impropriety by the Court and/or the Court's Staff by the Court's grant of Defendants' motion for a short window of time to evaluate Plaintiff's filings and by the Court's courtesy in granting Defendants one (1) extra business day following a holiday weekend (Objection, ¶¶ 14);

- Sarcastically accuses the Court and/or the Court's Staff of "spectacularly abrupt judicial decision-making" (Objection, ¶ 15);

- Questions, sarcastically, whether the Court was able to review and adjudicate Defendants' two-page motion for a short window of time, contending, among other things, that "the exchange of documents between this Court and the Court's clerk entering the order also must have been occurring at tremendous pace" (Objection, ¶ 15(d));

- Contends that "downright extraordinary events" have occurred in this litigation to date (Objection, ¶ 16); and,

- Proclaims, in conclusion: "Allowing Defendant's [sic] unfettered discretion to file 'any other motion,' by [the requested] deadline is the proverbial 'icing on the cake.' It seems that neither this Court, nor any Federal Rule, will prohibit

7

>Defendant [*sic*] from essentially doing as they please in this litigation. Respectfully, in the interest of justice, the Court should not continue to sanction such activity." (Objection, ¶ 18.)

## II. ARGUMENT

As the Court is fully aware, the Court possesses the inherent authority to control the litigation before it as it deems fit. *See, e.g.*, *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) ("A court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process." (internal quotation marks and citation omitted)); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant." (internal citation omitted)); *see also McAfee v. Allstate Prop. & Cas. Ins. Co.,* No. 4:12-CV-1667 CAS, 2013 WL 4026871, at *3 (E.D. Mo. Aug. 6, 2013) (explaining that although it was the plaintiff's attorney who was alleged to have failed to comply with a Court Order, "[t]he Supreme Court has stated that 'clients must be held accountable for the acts or omissions of their attorneys"; dismissing the cause with prejudice (internal quotation marks and citation omitted)). Additionally, as this Court knows, 28 U.S.C. § 1927 allows the Court to sanction Plaintiff's attorney for vexatiously multiplying the proceedings, as has occurred. Plaintiff's above-described conduct contravenes this Court's Local Rules, the Missouri Rules of Professional Conduct, and the expectation of professionalism among the members of the Bar.

Ultimately, Plaintiff, through her counsel, elected, time and time again, to attempt to evade this Court's jurisdiction; pursue unavailable claims; raise frivolous arguments; and to attempt to impugn Defendants', undersigned counsel's, the Court's, and the Court's Staff's character. Defendants (and this Court) have been forced to unnecessarily expend considerable

8

resources to date, and are all but certain to be forced to expend additional, considerable resources in the future, as Plaintiff and her counsel are all but certain to continue this vexatious litigation. As noted above, an earlier admonition was given by the Court but, obviously, was not heeded.

### III.  CONCLUSION

While Defendants and counsel take strong exception to the foregoing unprofessional conduct and wish it to end, in lieu of seeking Rule 11 sanctions, Defendants leave to the Court, with its inherent authority and the authority bestowed by 28 U.S.C. § 1927, to determine how best to evaluate and respond to Plaintiff's advocacy to date, including her Objection.  Defendants respectfully believe, however, that the foregoing conduct should not go unaddressed, lest more resources be expended needlessly, and that sanctions, including dismissal of the litigation with prejudice and/or payment of Defendants' attorneys' fees and costs, are appropriate.  Parties—particularly those represented by counsel admitted to practice before this Court—should not be permitted to conduct themselves in the way Plaintiff has.

Dated: January 18, 2016

Respectfully submitted,

/s/  David W. Gearhart
Neal F. Perryman, 43057MO
David W. Gearhart, 50292MO
LEWIS RICE LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7661 (direct)
314.612.7661 (fax)
nperryman@lewisrice.com
dgearhart@lewisrice.com

*Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

   I hereby certify that, on January 18, 2016, a copy of the above and foregoing was served via the Court's electronic filing system to the following counsel of record for Plaintiff:

Daniel F. Harvath
**THE DANIEL HARVATH LAW FIRM, LLC**
P.O. Box 440393
St. Louis, Missouri 63144
dharvath@dhlawfirmllc.com

*Attorneys for Plaintiff Karen A. Rittinger*

                  /s/  David W. Gearhart