**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN A. RITTINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1548 CAS |
| ) | |
| HEALTHY ALLIANCE INSURANCE ) | |
| COMPANY, d/b/a ANTHEM BLUE CROSS ) | |
| AND BLUE SHIELD, and ANTHEM UM ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

This matter is before the Court following plaintiff's voluntary dismissal without prejudice of her ERISA claims. The Court retains jurisdiction to resolve collateral issues following a voluntary dismissal, including imposing statutory sanctions and awarding attorneys' fees. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990); Sequa Corp. v. Cooper, 245 F.3d 1036 (8th Cir. 2001) (per curiam). For the following reasons, the Court will order attorney Daniel F. Harvath and The Daniel Harvath Law Firm, LLC to show cause in writing why they should not be sanctioned for multiplying these proceedings unreasonably and vexatiously and for violating Missouri Supreme Court Rule 4-3.5(d).

**Background**

Plaintiff filed this action in state court alleging she was entitled to payment of certain medical claims under an employer sponsored health insurance benefit plan, and that these claims were wrongfully denied. Plaintiff filed this action in five counts: declaratory judgment (Counts I and II); breach of contract (Count III); vexatious refusal to pay (Count IV); and breach of fiduciary duty (Count V). Defendants removed to federal court, stating the state law claims were paradigmatic

examples of ERISA-preempted claims. Because plaintiff had alleged only state law claims, defendants moved to dismiss the claims as preempted by federal law.

Plaintiff opposed removal both procedurally and substantively, and filed a motion to remand. She proffered a timeliness argument based on the "receipt rule," arguing that the thirty-day removal clock started once an employee of defendants received notice of the lawsuit, despite the absence of any formal service. She also argued that her state law claims were not preempted by ERISA, and that defendants had not properly distinguished between complete preemption and conflict preemption.

The Court promptly denied plaintiff's motion to remand and granted defendants' motion to dismiss. At her request, the Court granted plaintiff the opportunity to amend her complaint. To this end, the Court did not issue its Order of Dismissal, but instead allowed plaintiff fourteen days to file an amended complaint stating her claims under ERISA. Because the Court found the tone of plaintiff's briefing combative and objectionable, the Court cautioned plaintiff against using such a tone in the future. The Court requested that plaintiff "refrain from using the type of overheated rhetoric that has appeared in her filings. Such rhetoric is of no use to the Court in resolving the issues presented by this case, and serves only to detract from the persuasiveness of plaintiff's arguments." (Doc. 22 at 6.)

Instead of complying with the Court's Order and amending her complaint as she had requested, plaintiff filed a notice of voluntary dismissal without prejudice. Because all of plaintiff's claims had been dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and there were no pending claims for plaintiff to voluntarily dismiss without prejudice, the Court construed plaintiff's notice of voluntary dismissal without prejudice as a motion for leave to

voluntarily dismiss without prejudice, and denied the motion.  See Mem. and Order of Jan. 14, 2016 (Doc. 24 at 1).

The Court, however, again allowed plaintiff additional time to plead her ERISA claims.  The Court stated its reason for doing so, namely that the Court had already dismissed plaintiff's claims with prejudice pursuant to Rule 12(b)(6) and such a dismissal is a judgment on the merits entitled to claim preclusive effect.  (Id.; Doc. 24 at 1.)  If plaintiff did not amend her complaint to state her claims under ERISA, the Court would have to enter its Order of Dismissal with prejudice.  See Inman v. American Paramount Fin., 517 F. App'x 744, 750 (11th Cir. 2013).  The Court was concerned that this would preclude plaintiff from bringing her ERISA claims in future litigation.  "Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action."  See Lundquist v. Rice Mem. Hosp., 238 F.3d 975, 977 (8th Cir. 2001).  As stated in its Order: "The Court finds this result unduly harsh, given the claim preclusive effect of such a dismissal and plaintiff's counsel's apparent misunderstanding of the procedural posture of the case."  (Doc. 24 at 2.)  Instead, by allowing plaintiff to amend her complaint to plead her ERISA claims, even if she subsequently voluntarily dismissed these claims, the Court was allowing plaintiff to preserve these claims for future litigation.

Later on the same day, January 14, 2016, plaintiff complied fully with the Court's Order; she filed an amended complaint to state her claims under ERISA.[1]  She then immediately filed a notice of voluntary dismissal without prejudice of these claims pursuant to Federal Rule 41(a)(1)(A)(i).

The next morning, a Friday prior to a Monday federal holiday, defendants filed a motion asking the Court to delay acting on plaintiff's notice of voluntary dismissal, and allow them one business day to review the filing to decide whether to respond.  Because defendants' motion was

---

[1] Plaintiff's Amended Complaint was filed at 10:41 p.m., after normal Court hours.

filed during normal Court hours, the Court was able to review the two-page motion immediately. The Court granted defendants' motion, and because of the upcoming holiday weekend and the Court's schedule, on its own motion gave the defendants an additional day to respond. (Doc. 28.)

Plaintiff responded to this docket text order by filing a six-page objection. (Doc. 29.) In it, plaintiff characterized the Court's January 14, 2016 Order, in which the Court sought to protect plaintiff's rights to bring a future ERISA case, as "[t]he Court [going] out of its way . . . to prevent Plaintiff from exercising her right to voluntarily dismiss her cause of action." (Id. at ¶ 6.) She characterized the Order as a "threat" to enter an order of dismissal if plaintiff did not file an amended complaint. (Id. at ¶ 9.) She claimed defendants' motion to respond to her second voluntary dismissal was "in derogation of every federal rule applicable." (Id. at ¶ 17.) Further, she stated that the Court granted defendants' motion for an extension of time at a "tremendous pace," "nothing short of spectacularly abrupt judicial decision-making," and implied that the Court was acting somehow improperly in granting defendants' motion and giving them an additional day to respond. (Doc. 29 at 4.)

Defendants responded to plaintiff's objection. Defendants took strong exception to plaintiff's hostile tone and comments throughout this litigation, and specifically in plaintiff's objection. Noting that the Court had previously cautioned plaintiff's counsel to refrain from using overheated rhetoric, defendants' counsel identified and quoted several instances in which plaintiff engaged in unprofessional and unnecessary language. (Doc. 30 at 5.) Defendants stated plaintiff's unwarranted accusations against defendants, defendants' counsel, the Court, and the Court's staff were highly inappropriate. In lieu of seeking Rule 11 sanctions, defendants asked the Court to use its inherent authority and the authority of 28 U.S.C. § 1927 to evaluate plaintiff's counsel's conduct.

Defendants thought it appropriate to enter sanctions in the form of dismissal with prejudice or payment of defendants' attorneys' fees and costs.

Plaintiff filed a seventeen-page reply. Instead of refraining from the use of hostile rhetoric, plaintiff vehemently denied using abusive litigation tactics and language, and insisted it was defendants' counsel that should be sanctioned. Plaintiff's attack on defendants' counsel in her reply spanned eight pages. (See Doc. 32 at 7-15.) Defendants did not respond.

**Discussion**

Sanctions are proper under 28 U.S.C. § 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445 (8th Cir. 2001) (quoting Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999)). Sanctions under the Court's inherent powers and statutory sanctions under 28 U.S.C. § 1927, including costs and attorneys' fees, may be imposed following the filing of a notice of dismissal. See Cooter, 496 U.S. at 395-96; Sequa Corp., 245 F.3d at 1036; see also Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (distinguishing Rule 11 and 28 U.S.C. § 1927 sanctions). Before imposing sanctions under § 1927, the Court must afford plaintiff and plaintiff's counsel ample notice and opportunity to be heard on the question of whether a sanction should be imposed and the amount of the sanction. See Tenkku v. Normandy Bank, 348 F.3d 737, 744 (8th Cir. 2003).

The Court finds that plaintiff's filing of her motion to remand unreasonably and vexatiously multiplied the proceedings within the meaning of 28 U.S.C. § 1927. Plaintiff's arguments regarding timeliness were unwarranted by existing law and plaintiff's arguments regarding modifying existing law were frivolous. In particular, plaintiff's argument regarding the timeliness of removal had been rejected by the Supreme Court in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S.

344 (1999). Plaintiff's argument that the Murphy decision had been modified by the decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), was frivolous. Plaintiff's arguments as to ERISA preemption were also meritless, and were made in contradiction to plaintiff's counsel's prior legal contentions submitted to this Court in other litigation. See Maxwell v. Manufacturers Inv. Corp., No. 4:11-CV-759 DDN (E.D. Mo.) (Doc. 1, ¶¶ 16-29, filed Apr. 29, 2011) (discussing removal of state law claims that fall within scope of the civil enforcement provision of ERISA).

The Court finds plaintiff's opposition to defendants' motion to dismiss was also frivolous and was presented for purposes multiplying the proceedings. The filing exhibited unnecessary hostility toward defendants and defendants' counsel. In particular, plaintiff referred to an "almost sinister undercurrent" underlying defendants' response to plaintiff's claim and "defendants' blatant apathy toward" plaintiff's claim. (Doc. 19 at 1.) Plaintiff asserted defendants' motion misstated applicable law and was grossly insufficient, without citing any contrary legal support. She claimed defendants had an "apparent sense of entitlement to respond with unspecific, form documents and conclusory, unsupported statements"; stated defendants relied on "materially-stale," "superficial," and "dated" law and "disingenuously appear to expect this Court to overlook" issues in the cited cases. (Id. at 2, 3.) While this language might reflect zealous advocacy if plaintiff's statements were accurate, they were not. Defendants cited, with parenthetical explanations, to five cases from this Court in support of ERISA preemption, dated from 2006 through 2011. (Doc. 12 at 3-4.) Finally, in her conclusion plaintiff erroneously stated: "The legal standards governing a motion to dismiss are well established. A complaint should be dismissed for failure to state a claim when it is apparent that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957)." (Doc. 19 at 12.) This more lenient standard cited by plaintiff was abrogated more

than eight years ago in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), a case cited frequently by plaintiff.

The Court also finds plaintiff's accusatory and abusive language in her objection (Doc. 29) runs afoul of the Missouri Rules of Professional Conduct, which dictates respect for the legal system, other lawyers, and judges.  See Local Rule 12.02; Mo. R. Prof. Conduct, Rule 4-3.5 cmt. 4 (an advocate shall refrain from "abusive or obstreperous conduct").  Specifically, plaintiff characterizes the Court's Order of January 14, 2016 as "[going] out of its way . . . to prevent Plaintiff from exercising her right to voluntarily dismiss her cause of action" (Doc. 29, ¶ 6); accuses the Court of sua sponte aiding defendants (id. at ¶ 8); accuses the Court of threatening plaintiff with a dismissal with prejudice (id. at ¶ 9); and accuses defendants of "asking the Court to be allowed to do what the Federal Rules prohibit" (id. at ¶ 12).  Most egregious, however, is plaintiff's implication of impropriety on the part of the Court for granting an informal motion quickly in the course of the Court's business after consulting its holiday and staff schedules (id. at ¶¶ 15a.-d.).  Plaintiff states: "Allowing Defendant's [sic] unfettered discretion to file 'any other motion,' by such deadline is the proverbial 'icing on the cake.'  It seems that neither the Court, nor any Federal Rule, will prohibit Defendant [sic] from essentially doing as they please in this litigation."  (Id. at ¶ 18.)

On the Court's own motion, pursuant to its inherent power to maintain control over judicial proceedings and the authority of 28 U.S.C. § 1927, attorney Daniel F. Harvath and The Daniel Harvath Law Firm, LLC will be required to show cause in writing why they should not be sanctioned by this Court for multiplying the proceeding unreasonably and vexatiously and for violations of Missouri Supreme Court Rule 4-3.5(d).

Accordingly,

**IT IS HEREBY ORDERED** that attorney Daniel F. Harvath and The Daniel Harvath Law Firm, LLC shall show cause in writing by **February 19, 2016** why they should not be sanctioned by this Court for multiplying the proceeding unreasonably and vexatiously and for violations of Missouri Supreme Court Rule 4-3.5(d).

                                                         **CHARLES A. SHAW**
                                                         **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of February, 2016.