**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAREN A. RITTINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1548 CAS |
| | ) |
| HEALTHY ALLIANCE INSURANCE | ) |
| COMPANY, d/b/a ANTHEM BLUE CROSS | ) |
| AND BLUE SHIELD, and ANTHEM UM | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed case is before the Court on (1) plaintiff's motion for judicial disqualification pursuant to 28 U.S.C. §§ 144 and 455 and the United States Constitution, and (2) plaintiff's response to the show cause order of February 9, 2016. For the following reasons, the Court will deny plaintiff's motion for judicial disqualification and will not impose a monetary sanction against plaintiff's counsel for multiplying these proceedings and for violating Missouri Supreme Court Rule 4-3.5(d).

    A.    <u>Motion for Judicial Disqualification Pursuant to 28 U.S.C. §§ 144 and 455 and the United States Constitution</u>

On October 9, 2015, less than one day after this case was assigned, the Court made the following disclosure, which it makes in any case in which the law firm Lewis Rice, LLC ("Lewis Rice") enters an appearance:

> This matter is before the Court on review of the file. The parties are advised that one of the undersigned's law clerks is the spouse of an equity partner at the law firm Lewis Rice, LLC, which represents defendants Healthy Alliance Insurance Company, d/b/a Anthem Blue Cross and Blue Shield, and Anthem UM Services, Inc. in this case. The law clerk's spouse has not entered an appearance in this case. It is the Court's intention to isolate the affected law clerk from the case, so that she will have no contact with it. The Court believes this action resolves any potential conflict that could arise in this matter. If, after consideration, a party believes

disqualification of the undersigned is required, any motion for recusal based on the disclosed matter shall be filed within fourteen (14) days of the date of this Order.

(Doc. 8).

Plaintiff did not file a motion for recusal based on the disclosed matter within fourteen days. Nor did she inquire with the Court regarding the tenure of the isolated law clerk or any other law clerks working in the undersigned's chambers. At no point during the briefing of plaintiff's motion to remand and defendants' motion to dismiss did plaintiff raise the issue of Lewis Rice's connection to the isolated law clerk or its representation of defendants.

Instead, four months and several substantive rulings later, on February 12, 2016, plaintiff filed a motion for judicial disqualification because her counsel, Mr. Daniel Harvath, had recently discovered that the isolated law clerk was a career clerk to the undersigned. Because Mr. Harvath has served as a law clerk himself, he states that his experience has taught him that career clerks "generally enjoy a very close working, if not personal/friendly, relationship with the Court." (Doc. 35 at 3.) In addition, Mr. Harvath states he recently discovered that the law clerk assigned to this matter is also a career law clerk. He states this fact is "highly important; as [he] knows through experience – including working as a judicial clerk in the very same courthouse – that judicial clerks, of course, work in very close proximity (within the same chambers) to their fellow judicial clerks . . . [and] tend also to have very close working if not personal/friendly, relationships." (Id.)

Title 28 U.S.C. §§ 144 and 455 govern the disqualification of judges. Section 144 provides for recusal of a district court judge where a legally sufficient affidavit is timely filed that demonstrates a personal bias or prejudice of the judge. Section 455 provides for judicial disqualification where a judge's impartiality might reasonably be questioned or he has a personal bias or prejudice. See United States v. Faul, 748 F.2d 1204, 1210-11 (8th Cir. 1984). "As grounds for disqualification set out in the statutes are quite similar, both may be considered together." Id.

Under § 144, judges "are charged with an affirmative duty to probe the legal sufficiency of [plaintiff's] affidavit of prejudice and not to disqualify themselves unnecessarily." Davis v. Commissioner of Internal Revenue, 734 F.2d 1302, 1303 (8th Cir. 1984). "Affidavits based on conclusions, opinions, and rumors are insufficient basis for recusal." Id. "When an affidavit does not meet the requirements imposed by law, the judge should not disqualify himself." Faul, 748 F.2d at 1210.

In this case, Mr. Harvath's affidavit alleges the undersigned Judge cannot be impartial because all three of his law clerks are career law clerks and one of them is married to an equity partner at Lewis Rice, which represents defendants. It is not the relationship of the isolated law clerk to Lewis Rice that is at issue—this conflict was disclosed more than four months prior to plaintiff's motion, and plaintiff had no objection. Rather, it is the career status of the undersigned's law clerks that Mr. Harvath alleges creates the bias or prejudice of the undersigned Judge. Mr. Harvath states that the undersigned's law clerks "all have worked together closely for multiple years, and likely plan to continue this working relationship." Harvath Aff. at ¶ 5. He concludes he has "a good faith belief that the Court is biased in favor of Defendants either purposefully or cognitively." Id. at ¶ 6.

Plaintiff's allegations are insufficient as a basis for (1) fairly supporting a bias or prejudice of the undersigned Judge under 28 U.S.C. § 144 (see Berger v. United States, 255 U.S. 22, 24 (1921)); or (2) reasonably questioning the impartiality of the undersigned Judge under 28 U.S.C. § 455(a). Mr. Harvath seeks to impute an isolated law clerk's conflict of interest onto two other law clerks merely because all three law clerks share career status. Then, he seeks to impute this conflict onto the undersigned Judge. Mr. Harvath cites no support for this proposition, and the Court has found none.

None of the grounds Mr. Harvath asserts require disqualification. The law clerk with the conflict of interest has been isolated from this case, and has had no contact with it. See Byrne v. Nezhat, 261 F.3d 1075, 1101-02 (11th Cir. 2001) ("[I]f a clerk has a possible conflict of interest, it is the clerk, not the judge who must be disqualified."). The record is entirely void of any objective evidence that the career status of the Judge's other law clerks compels their disqualification, much less the disqualification of the undersigned Judge.[1] The judicial rulings Mr. Harvath disagrees with are not a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994).

    B.    Order to Show Cause and Sanctions

On February 9, 2016, the Court issued a show cause order to attorney Daniel F. Harvath and The Daniel Harvath Law Firm, LLC to show cause in writing why they should not be sanctioned for multiplying these proceedings unreasonably and vexatiously and for violating Missouri Supreme Court Rule 4-3.5(d). Mr. Harvath responded by leveling additional false accusations of improper conduct against this Judge's staff. See Doc. 36.[2]

As it has stated in two prior orders, the Court allowed plaintiff additional time to amend her complaint to allege her ERISA claims so that these claims would be preserved for future litigation. See Docs. 24 and 34. Despite the Court explaining this twice, plaintiff's counsel misconstrues this

---

[1]Moreover, twice the Court has granted plaintiff leave to amend her pleading to state viable ERISA claims, thereby avoiding dismissal and future claim preclusion. These decisions are contrary to the expectation of a reasonable person if the Court were biased in favor of defendants.

[2]Plaintiff's counsel's response to the show cause order was filed under seal without leave, in violation of Local Rule 13.05. The Court will unseal this document.

-4-

as an effort by the Court to "prevent a re-filing in another jurisdiction." Doc. 36 at ¶ 12. He comes to this conclusion by attributing improper bias, motives, and knowledge to the Court's staff.

Plaintiff's counsel's accusations are false, offensive, and border on the delusional. See id. (speculating that the Court had knowledge of Mr. Harvath's swearing-in before another Judge in this Court, and conspired with defendants to prevent plaintiff's refiling of this case in another jurisdiction). He offers no factual support for his stunning attack on the integrity of the Court and the Court's staff. Mr. Harvath has conducted himself in a thoroughly indecorous and improper manner, unbecoming of a member of the bar. The intemperate manner in which Mr. Harvath has articulated his legal arguments, and his repeated and escalating attacks on opposing counsel, the Court, and its staff, are simply unacceptable practice. Mr. Harvath has wholly failed in this case to comply with an attorney's duty to remain respectful while engaging in zealous advocacy.

Mr. Harvath's blatantly unacceptable conduct notwithstanding, the Court upon consideration accepts his apology as contained in his response and considers his status as a sole practitioner. The Court gives weight to Mr. Harvath's statement that he has "already paid dearly for any transgressions, will refrain from overly-strident argument in the future and by all means has learned his lesson." Id. at 11. For these reasons the Court will not impose a monetary sanction. The Court, however, strongly cautions Mr. Harvath to reconsider the manner in which he advocates on behalf of clients in the future. The disrespectful and offensive conduct in which he has engaged in this case indicates he is presently on the wrong path. Mr. Harvath should consider this Order as a wake up call, which he would do well to heed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judicial disqualification pursuant to 28 U.S. C. §§ 144 and 455 and the United States Constitution is **DENIED**. [Doc. 35]

**IT IS FURTHER ORDERED** that the Court will not enter monetary sanctions against attorney Daniel F. Harvath and The Daniel Harvath Law Firm, LLC.

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd  day of March, 2016.